UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>Enrique Santiago</u>

 v.           Civil No. 21-cv-1086-LM

<u>Kim Lacasse et al.</u>[1]

**<u>REPORT AND RECOMMENDATION</u>**

Enrique Santiago, who is presently incarcerated in the New Hampshire Department of Corrections, has filed a complaint (Doc. No. 1) under 42 U.S.C. § 1983, alleging that in 2014, while he was housed at the New Hampshire State Prison ("NHSP"), the defendants violated his rights under the Fourteenth Amendment and the Americans with Disabilities Act ("ADA"). Mr. Santiago's complaint is before the undersigned Magistrate Judge for preliminary review pursuant to 28 U.S.C. § 1915A(a) and LR 4.3(d)(1). Also before the Court is Mr. Santiago's "Motion for Judgment" (Doc. No. 4), which is before the undersigned for a recommendation as to disposition.

**<u>Background and Claims</u>**

In his complaint, Mr. Santiago states that in 2014, he was

---

[1] The plaintiff names the following individuals as defendants in this case: former New Hampshire Department of Corrections ("DOC") Classifications Administrator Kim Lacasse, former New Hampshire State Prison Secure Housing Unit Lt. Mike Edmark, and DOC Commissioner Helen Hanks.

a "C-4" security level prisoner housed in the Secure Housing Unit at the NHSP. Another prisoner, Richard Papineau, who was a "C-5" security level prisoner, meaning that he was classified as a maximum security prisoner, was placed in Mr. Santiago's cell, despite prison policy mandating that C-5 prisoners be housed alone. Mr. Papineau, at the time he was housed with Mr. Santiago, was serving a life sentence for murder, and was also known by the defendants to have a lengthy history of violence toward prison staff and other prisoners.

After being placed in Mr. Santiago's cell, Mr. Papineau attempted to kill Mr. Santiago. Mr. Santiago "suffered major injurys (sic) to face and body[,] was 'hog tied' by 'Papineau' and left for dead." Compl. (Doc. No. 1, at 5). Mr. Santiago asserts that he continues to experience nightmares and insomnia as a result of that incident. Mr. Papineau was later charged, convicted, and sentenced for attempted murder based on that 2014 assault on Mr. Santiago. See State v. Papineau, No. 16-CR-404 (N.H. Super. Ct., Merrimack Cty.).

Seeking damages, injunctive relief, and release from incarceration, Mr. Santiago now asserts that the defendants, by housing him with Mr. Papineau, and then failing to separate him from Mr. Papineau once they were housed together, violated his Fourteenth Amendment right to be protected from harm at the

2

hands of other inmates and his Eighth Amendment right to humane conditions of confinement. Mr. Santiago further alleges that his continuing injuries resulting from the 2014 incident violate his rights under the ADA.

**Preliminary Review**

I.  Legal Standard

The court conducts a preliminary review of prisoner complaints seeking relief from government employees or entities. 28 U.S.C. § 1915A(a); LR 4.3(d)(1). The filings of pro se plaintiffs are construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The Court takes as true the plaintiff's nonconclusory factual allegations, and construes all reasonable inferences from those allegations in the plaintiff's favor, to determine whether the plaintiff has asserted "sufficient factual matter, accepted as true, to 'state a claim'" upon which relief can be granted. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). Claims may be dismissed at the time of preliminary review if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1); LR 4.3(d)(1)(A).

II. Discussion

A three-year statute of limitations applies to all of Mr. Santiago's claims. See Wallace v. Kato, 549 U.S. 384, 387 (2007) (Section 1983 claims borrow the state statute of limitations for general personal injury claims); Donlon v. Hillsborough Cty., No. 18-cv-549-LM, 2019 U.S. Dist. LEXIS 78253, at *8, 2019 WL 2062436, at *3 (D.N.H. May 9, 2019) (recognizing that constitutional claims asserted under § 1983 and the ADA borrows analogous state statute of limitations, which is the three-year statute governing personal actions); N.H. Rev. Stat. Ann. § 508:4, I (providing three-year statute of limitations for all personal actions). Mr. Santiago filed his complaint in this case on December 29, 2021, which was at least seven years after the defendants' are alleged to have engaged in conduct that violated Mr. Santiago's constitutional rights in 2014, and at least four years after the limitations period applicable to his claims expired. Nothing in the complaint suggests any basis for tolling the three-year limitations period applicable to his claims. Accordingly, the district judge should dismiss Mr. Santiago's complaint as untimely filed.

4

**Motion for Judgment (Doc. No. 4)**

In Mr. Santiago's "Motion for Judgment," he asks the Court to return judgment in his favor within sixty days, and also reiterates his requests for: monetary damages, injunctive relief, and release from incarceration.  Finally, he asks the Court to schedule a Zoom conference at which the Court can enter judgment in his favor and set a date for his release.

As discussed above, the undersigned recommends the dismissal of this case.  Nothing in the motion provides a basis to alter that recommendation.  Accordingly, the District Judge should deny the motion for judgment.

**Conclusion**

For the foregoing reasons, the district judge should deny the plaintiff's motion for judgment (Doc. No. 4) and dismiss this case in its entirety.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file any objection within the specified time waives the right to appeal the district court's Order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).  Only those issues raised in

the objection(s) to this Report and Recommendation "'are subject to review in the district court.'" Id. Additionally, any issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

                                              /s/ Andrea K. Johnstone
                                              Andrea K. Johnstone
                                              United States Magistrate Judge

February 18, 2022

cc: Enrique Santiago, pro se